Michael Nourmand, Esq. (SBN 198439)
James A. De Sario, Esq. (SBN 262552)
**THE NOURMAND LAW FIRM, APC**
8822 West Olympic Boulevard
Beverly Hills, California 90211
Telephone (310) 553-3600
Facsimile  (310) 553-3603

Attorneys for Plaintiff,
ROBERT GOMES, on behalf
of himself and all others similarly situated

FILED
CLERK, U.S. DISTRICT COURT

12/8/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:      CB      DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT GOMES, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and DOES 1 through 100, Inclusive<br><br>Defendants. | CASE NO.: 2:22-cv-06051 AB (KKx)<br><br>FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION<br><br>1.  FAILURE TO PAY OVERTIME WAGES;<br><br>2.  FAILURE TO PAY MINIMUM WAGE;<br><br>3.  FAILURE TO PROVIDE MEAL PERIODS;<br><br>4.  FAILURE TO PROVIDE REST PERIODS;<br><br>5.  FAILURE TO PAY ALL WAGES UPON TERMINATION;<br><br>6.  FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS;<br><br>7.  UNFAIR COMPETITION; and<br><br>8.  CIVIL PENALTIES <u>LABOR CODE</u> §2699<br><br>DEMAND FOR JURY TRIAL |

///

1

COMES NOW plaintiff ROBERT GOMES (hereinafter "Mr. Gomes" and/or "Plaintiff") on behalf of himself and all others similarly situated, and alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1.      This is a Class Action, pursuant to California Code of Civil Procedure §382, on behalf of Plaintiff and all other current and former similarly situated employees employed by or formerly employed by WAL-MART ASSOCIATES, INC. ("Wal-Mart") and any subsidiaries or affiliated companies (hereinafter referred to as "Defendants"), within the State of California.

2.      For at least four (4) years prior to the filing of this action and through to the present, Defendants on multiple occasions have had a pattern and practice of failing to pay wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other non-exempt employees to wait in line for COVID-19 temperature checks and screening prior to the start of their work shifts and as a result of requiring Plaintiff and other California non-exempt employees to undergo bag searches after clocking-out for their work shifts.

3.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on multiple occasions to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal period for days on which the employees worked in excess of ten (10) hours in a work day, and failing to provide compensation at the regular rate of pay for such unprovided meal periods as required by California wage and hour laws.

4.      For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a pattern and practice of failing on

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

multiple occasions to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failing to provide compensation at the regular rate of pay for such unprovided rest periods as required by California wage and hour laws.

5.     For at least three (3) years prior to the filing of this action and continuing through the present, Defendants have failed to pay Plaintiff and other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code §§ 201 or 202.

6.     For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have failed to issue Plaintiff and other similarly situated employees with accurate itemized wage statements as required by Labor Code § 226.

7.     Plaintiff, on behalf of himself and all other similarly situated employees, brings this action pursuant to, including but not limited to, California Labor Code §§ 200, 201, 203, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1194, 1194.2, 1197, 1197.1, and 2698 *et seq.* as well as California Code of Regulations, Title 8, §11070, seeking unpaid overtime and minimum wages, liquidated damages, premium wages for non-compliant meal and rest periods, statutory and civil penalties, and reasonable attorney's fees and costs.

8.     Plaintiff, on behalf of himself and all other similarly situated employees, pursuant to California Business & Professions Code §§17200-17208 also seeks all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). This Court has original jurisdiction over Plaintiff's

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Rule 23 class action claims under CAFA because Plaintiff and Defendant are
citizens of different states and the matter in controversy exceeds $5,000,000. In
addition, the number of proposed class members in California is believed to exceed
100 individuals.

10.     Venue is proper in the United States District Court for the Central
District of California pursuant to 18 U.S.C. § 1391 because Defendants operate and
do business in California, and each defendant is within the jurisdiction of this court
for service of process purposes. A substantial part of the events giving rise to
Plaintiff's claims occurred within this district and Defendants employ numerous
Class Members in the State of California.

## PARTIES

**A.     Plaintiff**

11.     Plaintiff, Mr. Gomes, is a resident of the State of California. At all
relevant times herein, he has been employed by Defendants as a non-exempt
employee in California.

**B.     Defendants**

12.     Defendant, Wal-Mart, a Delaware Corporation, operates a chain of
retail centers with over 250 locations within the State of California.  Wal-Mart
employed Plaintiff and similarly situated persons within the State of California.

13.     The true names and capacities, whether individual, corporate, associate,
or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are
currently unknown to Plaintiff, who therefore sues defendants by such fictitious
names under Code of Civil Procedure §474.  Plaintiff is informed and believes, and
based thereon alleges, that each of the defendants designated herein as a DOE is
legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff
will seek leave of court to amend this Complaint to reflect the true names and
capacities of the defendants designated hereinafter as DOES when such identities
become known.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

14. Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respect pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants.

## FACTUAL BACKGROUND

15. Defendants on multiple occasions have had a pattern and practice of not compensating Plaintiff and other similarly situated employees wages for all time worked, including overtime wages, as a result of requiring Plaintiff and other non-exempt employees in the State of California to wait in line for COVID-19 temperature checks and screening prior to the start of their shifts without compensating them for this work time and requiring Plaintiff and other similarly situated employees to undergo bag checks after clocking-out for their work shifts without compensating them for this work time.

16. Defendants have had a pattern and practice of on multiple occasions failing to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a workday and a second thirty (30) minute uninterrupted meal period for days on which the employees worked in excess of ten (10) hours in a work day, and on multiple occasions failing to provide compensation at the regular rate of pay for such unprovided meal periods.

17. Defendants have had a pattern and practice of on multiple occasions failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and on multiple occasions failing to provide compensation at the regular rate of pay for such unprovided rest periods as required by California wage and hour laws.

18.     Plaintiff and other similarly situated employees or former employees at all times pertinent hereto were not exempt from the overtime and meal and rest break provisions of California law, and the implementing rules and regulations of the IWC California Wage Orders.

19.     Defendants have failed to comply with Labor Code § 201, 202 and 203, in that at the time Plaintiff's employment and the employment of other former employees of Defendants ended, Defendants willfully failed to pay overtime wages, minimum wages, and one hour of wages in lieu of each unprovided or interrupted meal period and unprovided rest period, as described herein.

20.     Defendants have failed to comply with Labor Code § 226 on multiple occasions by not furnishing employees with itemized wage statements at the time of each payment of wages and by not providing itemized wage statements accurately showing, including but not limited to, total hours worked during the pay period and premiums due for meal and rest period violations.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself, and all others similarly situated, as a class action pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (b)(3). Plaintiff seeks to represent five Classes composed of and defined as follows:

**Non-Exempt Employee Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Non-Exempt Employee Class").

**Meal Period Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 5 hours or more (collectively referred to as "Meal Period Class").

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

**Rest Period Class**

All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who worked shifts of 4 hours or more (collectively referred to as "Rest Period Class").

**Late Pay Class**

All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment (collectively referred to as "Late Pay Class").

**Wage Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with wage statements (collectively referred to as "Wag Statement Class").

22.    Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

23.    This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**

24.    The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that there are over 500 Class Members employed by Defendants within the State of California.

///

///

///

7

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1    25.    Accounting for employee turnover during the relevant periods

2 necessarily increases this number.  Plaintiff alleges Defendants' employment

3 records would provide information as to the number and location of all Class

4 Members.  Joinder of all members of the proposed Class is not practicable.

5    **B.**    **Commonality**

6    26.    There are questions of law and fact common to Class Members.  These

7 common questions include, but are not limited to:

8        (1)    Did Defendants violate <u>Labor Code</u> § 1194 by not compensating

9                Class Members overtime wages?

10       (2)    Did Defendants violate <u>Labor Code</u> §§ 1194 and 1197 by not

11               paying Class Members minimum wages for all hours worked?

12       (3)    Did Defendants violate <u>Labor Code</u> § 512 by not providing Class

13               Members with meal periods?

14       (4)    Did Defendants violate <u>Labor Code</u> § 226.7 by not providing

15               Class Members additional wages for missed or interrupted meal

16               periods?

17       (5)    Did Defendants violate <u>Labor Code</u> § 226.7 by not providing

18               Class Members additional wages for missed rest periods?

19       (6)    Did Defendants violate <u>Labor Code</u> §§ 201 and 202 by failing to

20               pay Class Members upon termination or resignation all wages

21               earned?

22       (7)    Are Defendants liable to Class Members for penalty wages under

23               <u>Labor Code</u> § 203?

24       (8)    Did Defendants violate <u>Labor Code</u> § 226(a) by not furnishing

25               Class Members with accurate wage statements?

26       (9)    Did Defendants violate the Unfair Competition Law, <u>Business</u>

27               <u>and Professions Code</u> § 17200, *et seq.*, by its unlawful practices

28               as alleged herein?

8

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

(10)  Are Class Members entitled to restitution of penalty wages under Business and Professions Code § 17203?

(11)  Are Class Members entitled to attorney's fees?

(12)  Are Class Members entitled to interest?

**C.  Typicality**

27.  The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any member of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions.  Plaintiff and all members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

**D.  Adequacy of Representation**

28.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.  Superiority of Class Action**

29.  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal pattern and practice of failing to pay overtime wages, failing to pay minimum wages, failing to provide meal and rest breaks or compensation in lieu thereof, and failing to pay all wages due upon termination and/or resignation, as described herein.

///

///

30.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the Class Against All Defendants)

31.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.     At all times relevant to this complaint, California Labor Code §510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

33.     At all times herein mentioned, Plaintiff and Non-Exempt Employee Class regularly worked for Defendants during shifts that consisted of more than eight hours in a work day and/or more than forty hours in a work week and on multiple occasions these employees have not been paid overtime wages as a result of requiring Plaintiff and Non-Exempt Employee Class to wait in line for COVID-19 temperature checks and screening prior to the start of their shifts and requiring Plaintiff and Non-Exempt Employee Class to undergo bag searches after clocking-out for the end of their work shifts.

34.     Accordingly, by requiring Plaintiff and Non-Exempt Employee Class to work in excess of eight hours per day and/or forty hours per week and without properly compensating overtime wages, as described herein, Defendants willfully violated the provisions of Labor Code §1194.

35.  As a result of the unlawful acts of Defendants, Plaintiff and the Non-Exempt Employee Class have been deprived of overtime wages in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant to Labor Code §§1194 and 1199; Code of Civil Procedure §1021.5; and Civil Code §3287.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiff and the Class Against All Defendants)

36.  Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37.  At all relevant times, Plaintiff and the members of the Non-Exempt Employee Class were employees of Defendants covered by Labor Code §1197 and applicable Wage Orders.

38.  Pursuant to Labor Code §1197 and applicable Wage Orders, Plaintiff and the  members of the Non-Exempt Employee Class were entitled to receive minimum wages for all hours worked.

39.  At all times herein mentioned, to the extent that Plaintiff and Non-Exempt Employee Class worked for Defendants during shifts that were less than eight hours in a work day and/or less than forty hours in a work week, on multiple occasions these employees have not been paid minimum wage, as a result of not being compensated for all hours worked, as described herein.

40.  Defendants failure to pay Plaintiff and members of the Non-Exempt Employee Class minimum wages for all hours worked, as described herein, is in violation of Labor Code §1197 and applicable Wage Orders.  As a result of Defendants' pattern and practice, Plaintiff and members of the Non-Exempt Employee Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

41.     Pursuant to <u>Labor Code</u> §§ 1194 and 1194.2 Plaintiff and members of
the Non-Exempt Employee Class are entitled to recover the full amount of unpaid
minimum wages, prejudgment interest, liquidated damages, reasonable attorneys'
fees, and costs of suit.

**THIRD CAUSE OF ACTION**

**<u>FAILURE TO PROVIDE MEAL PERIODS</u>**

**(By Plaintiff and the Class Against All Defendants)**

42.     Plaintiff realleges and incorporates by reference all of the allegations
contained in the preceding paragraphs of this Complaint as though fully set forth
herein.

43.     Pursuant to <u>Labor Code</u> §512, no employer shall employ an employee
for a work period of more than five (5) hours without a meal break of not less than
thirty (30) minutes in which the employee is relieved of all of his or her duties.
Furthermore, no employer shall employ an employee for a work period of more than
ten (10) hours per day without providing the employee with a second meal period of
not less than thirty (30) minutes in which the employee is relieved of all of his or her
duties.  Plaintiff and other members of the Meal Period Class on multiple occasions
were not provided with requisite meal periods as contemplated under the law.

44.     Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an
employee with a meal period or rest period as provided in the applicable Wage
Order of the Industrial Welfare Commission, the employer shall pay the employee
one additional hour of pay at the employee's regular rate of compensation for each
work day that the meal period or rest period is not provided.

45.     By their failure to provide Plaintiff and members of the Meal Period
Class with the meal periods contemplated by California law, and failing to provide
compensation for such unprovided meal periods, as alleged above, Defendants
willfully violated the provisions of <u>Labor Code</u> §512 and applicable Wage Orders.
///

46.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid premium wages owed for missed and late meal periods.

47.    Plaintiff and the other members of the Meal Period Class are entitled to recover the full amount of their unpaid additional pay for missed meal periods. Pursuant to <u>Code of Civil Procedure</u> §1021.5, Plaintiff and the other members of the Meal Period Class are entitled to recover reasonable attorney's fees and costs of suit.

48.    Pursuant to <u>Civil Code</u> § 3287(a), Plaintiff and other members of the Meal Period Class are entitled to recover prejudgment interest on the additional pay owed for missed meal periods.

**FOURTH CAUSE OF ACTION**

**<u>FAILURE TO PROVIDE REST PERIODS</u>**

**(By Plaintiff and the Class Against All Defendants)**

49.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

50.    California law and applicable Wage Orders require that employers "authorize and permit" employees to take paid 10 minute rest periods in about the middle of each 4-hour work period "or major fraction thereof." Accordingly, employees who work shifts of 3 ½ to 6 hours must be provided 10 minutes of paid rest period, employees who work shifts of more than 6 and up to 10 hours must be provided with 20 minutes of paid rest period, and employees who work shifts of more than 10 hours must be provided 30 minutes of paid rest period. Plaintiff and other members of the Rest Period Class on multiple occasions were not provided with requisite rest periods as contemplated under the law.

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

51.    Pursuant to <u>Labor Code</u> §226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period or rest period is not provided.

52.    By their failure to provide Plaintiff and other members of the Rest Period Class with the rest periods contemplated by California law, and failing to provide compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of <u>Labor Code</u> §226.7 and applicable Wage Orders.

53.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay, at the regular rate of pay, owed for missed rest periods.

54.    Plaintiff and the other members of the Rest Period Class are entitled to recover the full amount of their unpaid additional premium pay for missed rest periods.  Pursuant to <u>Code of Civil Procedure</u> §1021.5, Plaintiff and the other members of the Rest Period Class are entitled to recover reasonable attorney's fees and costs of suit.

55.    Pursuant to <u>Civil Code</u> § 3287(a), Plaintiff and other members of the Rest Period Class are entitled to recover prejudgment interest on the additional pay owed for missed rest periods.

## FIFTH CAUSE OF ACTION

## <u>FAILURE TO PAY ALL WAGES UPON TERMINATION</u>

### (By Plaintiff and the Class Against All Defendants)

56.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

57.   At all relevant times, Plaintiff and other members of the Late Pay Class were employees of Defendants covered by Labor Code §§ 201 and 202.

58.   Pursuant to Labor Code §§ 201 or 202, Plaintiff and other members of the Late Pay Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

59.   Defendants failed to pay Plaintiff and other members of the Late Pay Class all wages earned and unpaid prior to termination in accordance with Labor Code §§ 201 or 202. Plaintiff and other members of the Late Pay Class are informed and believe and thereon allege that within the applicable limitations period, Defendants had a pattern and practice of not paying upon termination, the wages owed to them as a consequence of failing to pay non-exempt employees for overtime wages, minimum wages, and meal and rest premium wages.

60.   Defendants' failure to pay Plaintiff and members of the Late Pay Class all wages earned prior to termination in accordance with Labor Code §§ 201 and 202 was wilful. Defendants had the ability to pay all wages earned by Plaintiff and other members of the Late Pay Class at the time of termination in accordance with Labor Code §§ 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 201 and 202.

61.   Pursuant to Labor Code §§ 201 and 202, Plaintiff and other members of the Late Pay Class are entitled to all wages earned prior to termination that Defendants failed to pay them.

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

62.    Pursuant to Labor Code § 203, Plaintiff and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days.

63.    As a result of Defendants' unlawful conduct Plaintiff and other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination.

64.    As a result of Defendants' unlawful conduct Plaintiff and the other members of the Late Pay Class have suffered damages in an amount subject to proof, to the extent they were not paid all penalty wages owed under Labor Code § 203.

65.    Pursuant to Labor Code §§ 218 and 218.5, Plaintiff and the other members of the Late Pay Class are entitled to recover the full amount of their unpaid wages, penalty wages under Labor Code § 203, reasonable attorney's fees, and costs of suit.  Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiff and the other members of the Late Pay Class are entitled to recover prejudgment interest on the amount of their unpaid wages and unpaid penalty wages.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### (By Plaintiff and Class Members Against All Defendants)

66.    Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though full set forth herein.

67.    At all relevant times, Plaintiff and other members of the Wage Statement Class were employees of Defendants covered by Labor Code § 226.

68.    Pursuant to Labor Code § 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing gross wages

earned, net wages earned, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

69.    Defendants failed to provide Plaintiff and the other members of the Wage Statement Class accurate itemized wage statements in accordance with <u>Labor Code</u> § 226(a).

70.    Plaintiff and the other members of the Wage Statement Class are informed and believe and thereon allege that at all relevant times, Defendants maintained and continue to maintain a policy and practice of issuing wage statements that do not show, including but not limited to, all hours worked and all earned wages and pay due for all hours worked at applicable rates of pay and premium wages for missed meal and rest periods.  Defendants' practices resulted and continue to result in, the issuance of Wage Statements to Plaintiff and other members of the Class that do not comply with the itemization requirements.

71.    Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate Wage Statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and the other members of the Wage Statement Class with accurate Wage Statements, but intentionally provided wage statements that Defendants knew were not accurate.

72.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has delayed timely challenge to Defendants' unlawful pay practices, requires discovery and mathematical computation to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

73.     Pursuant to Labor Code § 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code § 226 occurred and $100 for each violation of Labor Code §226 in a subsequent pay period, not to exceed an aggregate penalty of $4,000 per employee.

74.     Pursuant to Labor Code § 226(e) and § 226(g), Plaintiff and the other members of the Wage Statement Class were entitled to recover the full amount of penalties due under Labor Code §226(e) reasonable attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION
## UNFAIR COMPETITION
### (By Plaintiff and Class Members Against All Defendants)

75.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

76.     The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business & Professions Code § 17200.  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the state of California that comply with their obligations to compensate employees in accordance with the Labor Code.

77.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and similarly situated Class Members have suffered injury in fact and lost money or property.  Plaintiff and similarly situated Class Members have been deprived from not being compensated overtime wages, from not being compensated minimum wages, and from not being provided with meal and rest breaks or compensation in lieu thereof, as described herein.

///

78.    Pursuant to <u>Business & Professions Code</u> § 17203, Plaintiff and similarly situated Class Members are entitled to restitution of all wages and other monies owed to them under the <u>Labor Code</u>, including interest thereon, in which they had a property interest which Defendants failed to pay them but withheld and retained for themselves.  Restitution of the money owed to Plaintiff and similarly situated Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the <u>Labor Code</u>.

79.    Plaintiff and similarly situated Class Members are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims pursuant to Code of <u>Civil Procedure</u> § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## EIGHTH CAUSE OF ACTION

## <u>PRIVATE ATTORNEY GENERAL ACT</u>

### (By Plaintiff and Class Members Against All Defendants)

80.    Plaintiff realleges and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

81.    During the period beginning one year period preceding the filing of the Complaint in this action (the "Civil Penalty Period"), Defendants violated, including but not limited, to <u>Labor Code</u> §§ 200, 201, 202, 203, 204, 210, 226(a), 226(e), 226.3, 226.7, 256, 510, 512, 556, 1194, 1194.2, 1197 and 1197.1.

82.    <u>Labor Code</u> § 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current and former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in <u>Labor Code</u> §2699.3.

///

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

83.   Plaintiff has complied with the procedures for bringing suit specified in Labor Code § 2699.3.  On or about July 8, 2022, Plaintiff gave written notice to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specified provisions of the Labor Code alleged to have been violated, and the LWDA elected not to investigate.

84.   Pursuant to Labor Code § 2699(a) and (f), Plaintiff and the aggrieved employees are entitled to recover civil penalties for Defendants' violations of the specified Labor Code sections during the Civil Penalty Period in the amount of one hundred dollars ($100) for each employee per pay period for the initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation.

85.   In addition to the civil penalties recoverable under Labor Code § 2699(a) and (f), to the extent permitted by law, Defendants' failure to provide Plaintiff and aggrieved employees with accurate itemized wage statements, as described herein, entitles Plaintiff to seek separate civil penalties for Defendants' violation of Labor Code § 226(a) and 226(e).  For violations of Labor Code § 226(a), Plaintiff seeks civil penalties provided by Labor Code § 226.3.  Pursuant to Labor Code § 226.3, "[a]ny employer who violates subdivision (a) of section 226 shall be subject to a civil penalty in the amount of two hundred dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of section 226."  Accordingly, Plaintiff and aggrieved employees are entitled to recover civil penalties for violations of Labor Code § 226.3 and seeks default civil penalties for each of Defendants' numerous violations of Labor Code §226(e).

///

///

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

86.     Moreover, pursuant to <u>Labor Code</u> §1197.1, subdivision (a): "Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an applicable state or local law, or by an order of the commission shall be subject to a civil penalty, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows:

    a.     "For any initial violation that is intentionally committed, one hundred dollars ($100) for each unpaid employee for each pay period of which the employee is underpaid.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

    b.     For each subsequent violation for the same specific offence, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.  This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203.

    c.     Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee."

87.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' caused Plaintiff and aggrieved employees not to be paid minimum wages as a result of Defendants, without limitation, routinely failing to pay Plaintiff and other aggrieved employees' wages for all hours worked or otherwise under Defendants' control due to, without limitation, routinely failing to accurately track

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

and/or pay for all hours actually worked; and engaging, suffering, or permitting employees to wait in line for COVID-19 temperature checks and screening prior to the start of their work shifts as well as undergo bag searches after clocking-out for their work shifts.  As a direct and proximate result of Defendants' conduct, Plaintiff and other aggrieved employees are entitled to recover directly from Defendants civil penalties pursuant to Labor Code § 1197.1.

88.   In addition to the civil penalties recoverable under Labor Code §2699(a) and (f), to the extent permitted by law, Defendants' failure to pay Plaintiff and other aggrieved employees timely wages for all hours worked, entitles Plaintiff to seek separate civil penalties for Defendants' violation of Labor Code §§ 204 and 210.  Specifically, due to Defendants' failure to pay Plaintiff and other aggrieved employees on a timely and bi-monthly basis for all applicable wages, including but not limited to overtime and premium wages for missed meal and rest periods, Defendants failed to pay all wages owed within seven days of the close of the payroll period in accordance with Labor Code §204(d).  Labor Code § 210(a) provides that "in addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections...204...shall be subject to a civil penalty as follows: "(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any wilful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."  Accordingly, Plaintiff and other aggrieved employees are entitled to recover civil penalties for violations of Labor Code §§ 204 and 210.

89.   Lastly, pursuant to Labor Code § 558 any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: "(1)

1   For any initial violation, fifty dollars ($50) for each underpaid employee for each
2   pay period for which the employee was underpaid in addition to an amount
3   sufficient to recover underpaid wages. (2) For each subsequent violation, one
4   hundred dollars ($100) for each underpaid employee for each pay period for which
5   the employee was underpaid in addition to an amount sufficient to recover
6   underpaid wages." As indicated herein, Plaintiff and aggrieved employees were
7   underpaid wages as a result of the asserted Labor Code violations and therefore are
8   entitled to recover civil penalties under <u>Labor Code</u> § 558.

9       90.    Pursuant to <u>Labor Code</u> § 2699(g), Plaintiff and the aggrieved
10  employees are entitled to an award of reasonable attorneys' fees and costs in
11  connection with their claims for civil penalties.

## **PRAYER**

13      WHEREFORE, on behalf of himself and all others similarly situated,
14  Plaintiff prays for judgment against Defendants as follows:

15  A.   An order certifying that Plaintiff may pursue his claims against
16       Defendants as a class action on behalf of the Class Members;

17  B.   An order appointing Plaintiff as Class representative and appointing
18       Plaintiff's counsel as class counsel;

19  C.   Damages for unpaid wages under <u>Labor Code</u> §§201 or 202;

20  D.   Damages for unpaid penalty wages under <u>Labor Code</u> §203;

21  E.   Damages for unpaid wages for missed meal periods under <u>Labor Code</u>
22       §226.7;

23  F.   Damages for unpaid wages for missed rest periods under <u>Labor Code</u>
24       §226.7;

25  G.   Damages for minimum wages;

26  H.   Damages for premium wages;

27  I.   Liquidated damages for unpaid minimum wages;

28  J.   Damages for unpaid overtime wages under <u>Labor Code</u> §1194;

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   K.    Restitution under <u>Business and Professions Code</u> §17203;

2   L.    Pre-judgment interest;

3   M.    Costs;

4   N.    Civil penalties pursuant to <u>Labor Code</u> §§ 210, 226.3, 558, 1197.1,

5         2699(a)-(f);

6   O.    Reasonable attorney's fees; and

7   P.    Such other and further relief as the Court deems just and proper.

8

9   DATED: December 6, 2022                  THE NOURMAND LAW FIRM, APC

10

11                                  By:  <u>*/s/ James A. De Sario*</u>
                                         Michael Nourmand, Esq.
12                                       James A. De Sario, Esq.
                                         Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT